**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **KENNETH MULLINS**         ) | |
|                        **Plaintiff,**  ) | **Civil Action No.** |
| **vs.**                                  ) | |
| **EQUIFAX INFORMATION
SERVICES, LLC
and
EXPERIAN INFORMATION
SOLUTIONS, INC.,
and
SYNDICATED OFFICE SYSTEMS, INC.,
d/b/a CENTRAL FINANCIAL CONTROL**   ) | |
|                        **Defendants.**   ) | |

## COMPLAINT

### I.   Preliminary Statement

1. This is an action for damages brought by an individual consumer against the Defendants for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §1681 *et seq.*, *as amended,* the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereafter the "FDCPA") and various other state laws.

### II.   Jurisdiction and Venue

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3. Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

### III.   Parties

4. Plaintiff Kenneth Mullins is an individual, who resides in Powder Springs, GA

30127.

5. Defendant Equifax Information Services LLC (hereafter "Equifax") is a business entity that regularly conducts business in the state of Georgia, and which has a principal place of business located 1550 Peachtree Street, N.W., Atlanta, GA 30309.

6. Defendant Experian Information Solutions, Inc. (hereafter "Experian") is a business entity that regularly conducts business in the State of Georgia and which has a place of business located at 505 City Parkway West, Orange, CA 92868.

7. Defendant Syndicated Office Systems, Inc., d/b/a Central Financial Control (hereafter "SOS") is a business entity regularly engaged in the business of collecting debts with its principal place of business located at 1400 South Douglas Road, Anaheim, CA 92806. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

## IV.   Factual Allegations

8. Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information").

9. The inaccurate information includes, but is not limited to, collection accounts with SOS, and other personal information that relate to hospital bills that do not belong to Plaintiff.

10. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness. The inaccurate information consists of accounts and/or tradelines that do not belong to the Plaintiff.

11.     Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

12.     Plaintiff has disputed the inaccurate information with Defendants by both oral and written communications to their representatives and by following Equifax and Experian's established procedures for disputing consumer credit information.

13.     Plaintiff has disputed the inaccurate information with Equifax and Experian from October 2010 through the present.

14.     Notwithstanding Plaintiff's efforts, Equifax and Experian have sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information and Equifax and Experian continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.  Equifax and Experian have repeatedly published and disseminated consumer reports to such third parties from at least October 2010 through the present.

15.     Despite Plaintiff's efforts, Equifax and Experian have never:  (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information; and (5) performed any handwriting analysis.

16.     Notwithstanding Plaintiff's disputes, SOS has also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit

reporting agencies concerning Plaintiff's disputes, has willfully continued to report such inaccurate information to various credit reporting agencies, and has failed to mark the above accounts as disputed.

17. Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to report on the results of its reinvestigations to all credit reporting agencies, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff.

18. As of result of Defendant's conduct, Plaintiff has suffered actual damages in the form of (a) lost credit opportunities, (b) lost job advancement opportunities, (c) harm to credit reputation and credit score, and (d) emotional distress.

19. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

20. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT I –EQUIFAX AND EXPERIAN VIOLATIONS OF THE FCRA

21. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

22. At all times pertinent hereto, Equifax and Experian were "persons" and "consumer reporting agencies" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

4

23. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

24. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

25. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Equifax and Experian are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e and 1681i.

26. The conduct of Equifax and Experian was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Equifax and Experian are liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT II – SOS
## VIOLATIONS OF THE FCRA

27. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

28. At all times pertinent hereto SOS was a "person" as that term defined by 15 U.S.C. § 1681a(b).

29. SOS violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

30. SOS's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above,

5

and as a result SOS is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief, permitted by law.

## COUNT III – SOS
## VIOLATIONS OF THE FDCPA

31. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

32. Defendant SOS is a "debt collector" as defined by 15 U.S.C. §1692a(6) of the FDCPA.

33. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

34. The above contacts by Defendant SOS, disputes by Plaintiff and the reporting of the inaccurate information to credit reporting agencies by Defendant SOS are "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

35. Any alleged debts at issue arose out of a transaction which was primarily for personal, family or household purposes.

36. Defendant SOS violated the FDCPA. Defendant SOS' violations include, but are not limited to, violations of 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(8), 1692e(10), and 1692f, as evidenced by the following conduct:

   a) The false representation of the amount, character or legal status of a debt;

   b) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed; and

    c) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt from the Plaintiff.

37. Defendant SOS' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay monies relating to the inaccurate information.

38. As a result of the above violations of the FDCPA, Defendant SOS is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

### COUNT IV –SOS, EQUIFAX AND EXPERIAN
### VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT

39. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

40. SOS, Equifax and Experian's actions constitute violations of Georgia's Fair Business Practices Act.

41. The conduct of the defendants SOS, Equifax and Experian was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, SOA, Equifax and Experian are liable to the Plaintiff for the full amount of actual, treble and exemplary damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### VI.   JURY TRIAL DEMAND

42. Plaintiffs demand trial by jury on all issues so triable.

### VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Exemplary damages;

(e) Treble damages;

(f) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n, and 1681o; 15 U.S.C. 1692k(a)(3) and O.C.G.A. §§ 13-6-11 and 10-1-399;

(g) An order directing that Defendants immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information;

(h) An order directing that Defendants send to all persons and entities to whom they have reported Plaintiffs' inaccurate information within the last three years Plaintiff's updated and corrected credit report information; and

(i) Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

**SKAAR & FEAGLE, LLP**

BY:   /s/ James M. Feagle
James M. Feagle, Esquire
**Skaar & Feagle, LLP**
108 E. Ponce De Leon Avenue
Suite 204
Decatur GA, 30030
(770) 420-5600

**Attorneys for Plaintiff**

Dated: July 19, 2011