IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KENNETH MULLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | |
| | ) | 1:11-cv-02487-TWT-ECS |
| EQUIFAX INFORMATION | ) | |
| SERVICES, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

ANSWER AND DEFENSES OF
DEFENDANT SYNDICATED OFFICE SYSTEMS, INC.

Pursuant to Fed. R. Civ. P. 8, Defendant Syndicated Office Systems

Inc. ("SOS") hereby states its Answer to the Plaintiff's Complaint followed by

the Defendant SOS's Defenses and Affirmative Defenses to the Complaint:

ANSWER

SOS denies it is liable to Plaintiff in any manner or amount.  SOS

further denies all allegations contained in all headings and concluding

paragraphs, including without limitation the allegations in the concluding

lettered paragraphs that appear at the end of the Complaint.

In response to the specific allegations in the enumerated paragraphs of

the Complaint, SOS answers as follows:

1.      SOS admits that, to the best of its knowledge, Plaintiff purports

to bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. §

- 1 -

1692 *et seq.*, the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, and under various state laws.  Because plaintiff's statements concerning the legal grounds for his claims are legal conclusions, they are not subject to denial or admission.  Regardless, SOS denies any allegation or implication that Defendants violated any federal or state statute, regulation, or common law.

2.      SOS admits that the plaintiff has alleged jurisdiction under 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331, 1337, 1367.  Because plaintiff's statements concerning the basis for subject-matter jurisdiction are legal conclusions, they are not subject to denial or admission.

3.      SOS admits that Plaintiff has alleged proper venue under 28 U.S.C. § 1391(b).  Because plaintiff's statements concerning the basis for venue are legal conclusions, they are not subject to denial or admission.

4.      SOS lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4 and therefore denies these allegations.

5.      SOS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 and therefore denies these allegations.

6.      SOS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore denies these allegations.

7.      SOS admits that it is a business entity whose principal purpose is the collection of debts and is regularly engaged in the business of collecting or attempting to collect debts owed or due or asserted to be owed or due another by, among other things, using the mails and telephone to do so.

8.      SOS denies the allegations in paragraph 8 insofar as they apply to SOS.  To the extent that the allegations contained in paragraph 8 apply to another defendant, SOS lacks knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies those allegations.

9.      SOS denies the allegations in paragraph 9 insofar as they apply to SOS.  To the extent that the allegations contained in paragraph 9 apply to another defendant, SOS lacks knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies those allegations.

10.     SOS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and therefore denies these allegations.

11.     SOS denies the allegations in paragraph 11 insofar as they apply to SOS.  To the extent that the allegations contained in paragraph 11 apply to another defendant, SOS lacks knowledge or information sufficient to form

a belief as to the truth of such allegations and therefore denies those allegations.

12.    SOS admits that the plaintiff orally and by letter purported to object to SOS's written request for payment.  SOS further admits that the plaintiff repeatedly refused to complete and submit the form of documentation approved the Federal Trade Commission ("FTC") in support of his objection, which would have allowed SOS to investigate his objection properly in accordance with the FTC's guidance—in despite of numerous written requests for such documentation accompanied by the FTC-approved form in blank with instructions.  SOS further states that, on one occasion, the plaintiff sent SOS a handwritten note in response to one of SOS's requests for the FTC-approved documentation that:

> "Yeah right.  I'll rush all this info to you as soon as I can iron my shoelaces."

SOS lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 12 and therefore denies these allegations.

13.    SOS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies these allegations.

14.     SOS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore denies these allegations.

15.     SOS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore denies these allegations.

16.     SOS denies the allegations in paragraph 16.

17.     SOS denies the allegations in paragraph 17 insofar as they apply to SOS.  To the extent that the allegations contained in paragraph 17 apply to another defendant, SOS lacks knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies those allegations.

18.     SOS denies the allegations in paragraph 18 insofar as they apply to SOS.  To the extent that the allegations contained in paragraph 18 apply to another defendant, SOS lacks knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies those allegations.

19.     SOS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and therefore denies these allegations.

20.     SOS denies the allegations in paragraph 20 insofar as they apply to SOS.  To the extent that the allegations contained in paragraph 20 apply to another defendant, SOS lacks knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies those allegations.

**COUNT I –**
**EQUIFAX AND EXPERIAN**
**<u>VIOLATIONS OF THE FCRA</u>**

21.     SOS incorporates by reference, as if fully set forth herein, its responses to paragraphs 1-20 as its response to paragraph 21.

22.     SOS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore denies these allegations.

23.     SOS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and therefore denies these allegations.

24.     SOS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore denies these allegations.

25.     SOS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore denies these allegations.

26.     SOS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 and therefore denies these allegations.

## COUNT II – SOS
## VIOLATIONS OF THE FCRA

27.     SOS incorporates by reference, as if fully set forth herein, its responses to paragraphs 1-26 as its response to paragraph 27.

28.     SOS admits the allegations in paragraph 28.

29.     SOS denies the allegations in paragraph 29.

30.     SOS denies the allegations in paragraph 30.

## COUNT III – SOS
## VIOLATIONS OF THE FDCPA

31.     SOS incorporates by reference, as if fully set forth herein, its responses to paragraphs 1-30 as its response to paragraph 31.

32.     SOS admits the allegations in paragraph 32.

33.     SOS admits the allegations in paragraph 33.

34.     SOS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 and therefore denies these allegations.

35.     SOS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 and therefore denies these allegations.

36.    SOS denies the allegations in paragraph 36 and all its subparts.

37.    SOS denies the allegations in paragraph 37.

38.    SOS denies the allegations in paragraph 38.

## COUNT IV – SOS, EQUIFAX AND EXPERIAN
## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT

39.    SOS incorporates by reference, as if fully set forth herein, its

responses to paragraphs 1-38 as its response to paragraph 39.

40.    SOS denies the allegations in paragraph 40 insofar as they apply

to SOS.  To the extent that the allegations contained in paragraph 40 apply

to another defendant, SOS lacks knowledge or information sufficient to form

a belief as to the truth of such allegations and therefore denies those

allegations.

41.    SOS denies the allegations in paragraph 41 insofar as they apply

to SOS.  To the extent that the allegations contained in paragraph 41 apply

to another defendant, SOS lacks knowledge or information sufficient to form

a belief as to the truth of such allegations and therefore denies those

allegations.

42.    SOS admits that the plaintiff has demanded a trial by jury

## PRAYER FOR RELIEF

43.     The prayer for relief requires neither admission nor denial.  SOS

denies that the plaintiff is entitled to any of the relief requested in the

Complaint.

44.     SOS denies each allegation of the complaint not expressly

admitted herein and expressly denies that the plaintiff is entitled to relief in

any form sought in this action.

## *   *   *

## DEFENDANT SOS'S
## DEFENSES AND AFFIRMATIVE DEFENSES

As and for its affirmative and other defenses, SOS states as follows:

### *First Defense*

Plaintiff's Complaint fails to state any claim upon which relief can be

granted and fails to set forth facts sufficient to state a claim upon which relief

can be granted.

### *Second Defense*

Some or all of Plaintiff's claims are barred by the applicable statute of

limitations.

### *Third Defense*

Some or all of Plaintiff's claims are barred by the doctrine of laches.

### *Fourth Defense*

Some or all of Plaintiff's claims are barred by the doctrine of waiver.

### *Fifth Defense*

Some or all of Plaintiff's claims are barred by the doctrine of estoppel.

### *Sixth Defense*

Some or all of Plaintiff's claims are barred by the doctrine of merger and bar, including res judicata.

### *Seventh Defense*

Some or all of Plaintiff's claims are barred by the doctrine of unclean hands.

### *Eighth Defense*

Some or all of Plaintiff's claims are barred by the doctrines of acceptance, acquiescence, ratification, release, payment, voluntary payments, and/or failure of consideration.

### *Ninth Defense*

Any damages suffered by Plaintiff were not proximately caused by the acts or conduct of SOS.

### *Tenth Defense*

Plaintiff's alleged injuries, if any, were caused in whole or in part by the acts or omissions of persons and/or entities other than SOS, for whose acts or omissions SOS neither are nor were responsible.

### *Eleventh Defense*

Plaintiff failed to exercise reasonable diligence and failed to mitigate any alleged damages.

### *Twelfth Defense*

SOS's alleged conduct is not sufficient to establish any unlawful activity.

### *Thirteenth Defense*

Plaintiff's claims are barred in whole or in part because SOS's activities were in accordance with the applicable standards of care under all applicable laws and regulations, and activities by SOS in accordance with such standards of care were reasonable as a matter of law.

### *Fourteenth Defense*

SOS's activities were at all times conducted in substantial compliance with all applicable laws and regulations.

### *Fifteenth Defense*

Some or all claims against SOS are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

### *Sixteenth Defense*

Some or all claims against SOS are barred because all information SOS communicated to any third person regarding Plaintiff was true.

### *Seventeenth Defense*

SOS is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff himself and resulted from Plaintiff's own negligence which equaled or exceeded any alleged negligence or wrongdoing by SOS.

### *Eighteenth Defense*

Any damages which Plaintiff may have suffered, which SOS continues to deny, were the direct and proximate result of the conduct of Plaintiff. Therefore, Plaintiff is estopped and barred from recovery of any damages.

### *Nineteenth Defense*

Plaintiff's state-law claims are preempted by the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### *Twentieth Defense*

Plaintiff's claims for exemplary or punitive damages violate the Fourteenth Amendment, the excessive fines clause of the Eighth Amendment, and the Due Process Clause of the United States Constitution, and violate the Constitution and laws of the State of Georgia.

### *Twenty-first Defense*

Some or all of Plaintiff's Claims are barred under 15 U.S.C. § 1695k(c) because any alleged violation of the Fair Debt Collection Practices Act, 15

U.S.C. § 1692 et seq., was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

***Twenty-second Defense***

Defendant hereby gives notice that it intends to rely on any other defense that may become available or appear during the proceedings in this case and hereby reserve their right to amend their answer to assert any such defense or defenses.

Respectfully submitted,

***/s/ Marc N. Garber***
MARC N. GARBER
Georgia Bar No. 283847
ALAN H. GARBER
Georgia Bar No. 283840
THE GARBER LAW FIRM, PC
4994 Lower Roswell Rd Ste 14
Marietta, GA 30068
(678) 560-5068
(678) 560-5067 (facsimile)
mngarber@garberlaw.net
ahgarber@garberlaw.net

***Attorneys for Defendant***
***Syndicated Office Systems, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2011, a copy of the foregoing pleading was served on all counsel of record by electronically filing this document with the Clerk of Court via the Court's CM/ECF system, which will send a notice of the electronic filing to all attorneys of record.

*/s/ Marc N. Garber*
MARC N. GARBER