THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KENNETH MULLINS,    :
            :
  Plaintiff,      :
            :  Civil Action File No.
v.          :
            :  1:11-cv-02487-TWT-ECS
EQUIFAX INFORMATION  :
SERVICES, LLC, and    :
EXPERIAN INFORMATION  :
SOLUTIONS, INC., and,   :
SYNDICATED OFFICE SYSTEMS :
INC., d/b/a CENTRAL FINANCIAL :
CONTROL,       :
            :
  Defendants.     :
_____:

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

1. **Description of Case:**

 **(a) Describe briefly the nature of this action.**

 Plaintiff contends that Defendants violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq*., and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*.

 Defendant Experian Information Solutions Inc.'s ("Experian's") Response: Plaintiff Kenneth Mullins ("Plaintiff") alleges that Experian reported inaccurate consumer credit information and failed in its duty under the Fair Credit Reporting

- 1 -

Act to reasonably reinvestigate Plaintiff's consumer credit disputes. Except as admitted in Experian's Answer to Plaintiff's Complaint, Experian denies each and every allegation of Plaintiff's Complaint as those allegations pertain to Experian. Even if Plaintiff has suffered any compensable damages, Experian is not responsible for the injuries of which Plaintiff complains and is without fault concerning all claims and theories upon which Plaintiff relies. Additionally, Experian complied with all applicable provisions the Fair Credit Reporting Act, including, but not limited to, conducting a reasonable and timely investigation in response to Plaintiff's dispute. Experian is not liable to Plaintiff for any damages whatsoever. Experian, therefore, asserts the following defenses: failure to state a claim, immunity, truth/accuracy of information, indemnification, failure to mitigate damages, laches, contributory/comparative fault, estoppel, statute of limitations, unclean hands, right to assert additional defenses, good faith, constitutional challenge to punitive damages, privilege and immunity, immunity, intervening cause, and settlement credits.

Defendant Syndicated Office Systems, Inc., d/b/a Central Financial Control ("SOS's") Response:   Plaintiff Kenneth Mullins ("Plaintiff") alleges that SOS reported inaccurate consumer credit information and failed in its duty under the Fair Credit Reporting Act to reasonably reinvestigate Plaintiff's consumer credit

disputes, and also violated the Fair Debt Collection Practices Act in the collection of an alleged debt.  Except as admitted in SOS's Answer to Plaintiff's Complaint, SOS denies each and every allegation of Plaintiff's Complaint as those allegations pertain to SOS.  Even if Plaintiff may have suffered any compensable damages, SOS is not responsible for the injuries of which Plaintiff complains and is without fault concerning all claims and theories upon which Plaintiff relies due to Plaintiff's own actions and inactions.   Additionally, SOS complied with all applicable provisions the Fair Credit Reporting Act and the Fair Debt Collection Practices Act, including, but not limited to, repeatedly attempting to conduct a reasonable and timely investigation in response to the alleged debt and Plaintiff's dispute.  SOS is not liable to Plaintiff for any damages whatsoever on any claims. SOS, therefore, asserts the following defenses:  failure to state a claim, immunity, truth/accuracy of information, indemnification, failure to mitigate damages, laches, contributory/comparative fault, estoppel, statute of limitations, unclean hands, right to assert additional defenses, good faith, constitutional challenge to punitive damages, privilege and immunity, immunity, intervening cause, and settlement credits.

   **(b) Summarize, in the space provided below, the facts of this case.  The summary should not be argumentative nor recite evidence.**

**Plaintiff's Summary:**

Defendants reported derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information"). The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility and Plaintiff's credit worthiness. The inaccurate information consists of two medical collection accounts that are the result of identity theft and, therefore, do not belong to Plaintiff. Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to his employer and to his present and prospective credit grantors.

Plaintiff claims the following damages: (1) statutory damages under the FCRA; (2) actual/compensatory damages in the nature of loss of employment and/or credit opportunity; (3) actual/compensatory damages in the nature of emotional distress, including anxiety, frustration, embarrassment, humiliation, etc.; (4) punitive damages; and (5) attorney's fees and costs. The damages suffered by Plaintiff are well recognized as cognizable under the FCRA and are not subject to mathematical calculation. Plaintiff will testify as to the embarrassment, frustration and other emotional distress that he experienced as a result of this false information

contained in his credit file and his unsuccessful attempts to have it deleted both with Syndicated and also with each of the named Credit Reporting Agencies.

**Defendants' Summary:**

Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency as defined by the FCRA.  Equifax denies Plaintiff's claims and denies that it violated the Fair Credit Reporting Act or state law in handling Plaintiff's credit file.   Equifax maintained reasonable procedures to assure maximum possible accuracy in its credit reports concerning Plaintiff.  Equifax conducted reinvestigations in response to Plaintiff's disputes concerning information reporting on his Equifax credit file.  Equifax denies that it caused any damage to Plaintiff and denies that Plaintiff is entitled to any of the relief sought in his Complaint.

Experian's investigation into the facts and circumstances of this case is on-going and, therefore, Experian cannot comment on the factual allegations at this time. Furthermore, because Plaintiff has named other defendants in this case, Experian is not currently knowledgeable or in possession of all facts related to this case. As a result, this statement is based on facts currently known to Experian.

Experian makes this statement without waiving any defense and reserves the right to supplement this statement as facts are developed.

Defendant SOS denies that it violated the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, or state law in handling Plaintiff's credit file and in SOS's dealings with the Plaintiff.  SOS maintained reasonable procedures to assure maximum possible accuracy in its credit reports concerning Plaintiff.   SOS attempted to conduct and conducted investigations in response to Plaintiff's disputes alleged in the complaint, in which Plaintiff repeatedly failed to cooperate in accordance with the applicable rules, customs, and practices set forth by the Federal Trade Commission.   In addition, because Plaintiff has named other defendants in this case, SOS is not currently knowledgeable or in possession of all facts related to this case.  As a result, this statement is based on facts currently known to SOS.  SOS this statement without waiving any defense and reserves the right to supplement this statement as facts are developed. **(c)   The  legal  issues  to be tried are as follows:**

> 1.   Whether the Defendants followed reasonable procedures to assure maximum possible accuracy of the information in Plaintiff's credit reports as required by the FCRA, 15 U.S.C. § 1681e(b);
>
> 2.   Whether the Defendants conducted a reasonable reinvestigation

into Plaintiff's disputes as required by the FCRA, 15 U.S.C. § 1681i;

3. If a violation is determined to have occurred, whether the Defendants' conduct was willful or negligent;

4. Whether Plaintiff is entitled to actual damages, and if so, the amount of actual damages to which Plaintiff is entitled;

5. Whether the Plaintiff is entitled to statutory and punitive damages pursuant to FCRA, 15 U.S.C. § 1681n;

6. The amount of statutory damages to be awarded to the Plaintiff;

7. Whether the Plaintiff is entitled to attorney's fees and costs pursuant to FCRA, 15 U.S.C. §§1681n and o;

8. Whether the acts of Defendants violate the FDCPA.

9. Whether the acts of the Defendants violated the Georgia Fair Business Practices Act.

10. Whether Defendants' violations were intentional; and

11. Whether the Plaintiff should be awarded punitive or exemplary damages.

12. The parties reserve the right to raise additional issued to be tried.

**(d) The cases listed below (include both style and action number) are:**

        **(1) Pending Related Cases:**

None.

        **(2) Previously Adjudicated Related Cases:**

None.

**2.**      **This case is complex because it possesses one (1) or more of the features listed below (please check):** This case is not complex.

     \_\_\_ **(1) Unusually large number of parties**

     \_\_\_ **(2) Unusually large number of claims or defenses**

     \_\_\_ **(3) Factual issues are exceptionally complex**

     \_\_\_ **(4) Greater than normal volume of evidence**

     \_\_\_ **(5) Extended discovery period is needed**

     \_\_\_ **(6) Problems locating or preserving evidence**

     \_\_\_ **(7) Pending parallel investigations or action by the government**

     \_\_\_ **(8) Multiple use of experts**

     \_\_\_ **(9) Need for discovery outside United States boundaries**

     \_\_\_ **(10) Existence of highly technical issues and proof**

**3.**      **Counsel:**

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

Plaintiffs:                    James M. Feagle
Skaar & Feagle, LLP
108 E. Ponce de Leon Ave., Suite 204
Decatur, GA 30030
(404) 373 – 1970 (Telephone)
(404) 601 – 1855 (Facsimile)
Attorney for Plaintiff Kenneth Mullins


Defendants:                Betsy L. Tate
King & Spalding, LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309-3521
(404) 572 – 4600 (Telephone)
(404) 572 – 5100 (Facsimile)
Attorney for Defendant Equifax
Information Services, LLC

James Williams
Jones Day
1420 Peachtree Street, NE
Suite 800
Atlanta, GA 30309-3053
(404) 521 – 3939 (Telephone)
(404)              (Facsimile)
Attorney for Defendant Experian Information
Solutions, Inc.

Marc N. Garber
Alan H. Garber
The Garber Law Firm, P.C.
4994 Lower Roswell Road, NE
Suite 14
Marietta, GA  30068

(678) 560 – 5066 (Telephone)
(678) 560 – 5067 (Facsimile)
Attorneys for Defendant Syndicated Office
Systems, Inc.

**4.    Jurisdiction:**

**Is there any question regarding this Court's jurisdiction?**

**___Yes   X    No.**

**If "yes," please attach a statement, not to exceed one (1) page,**

**explaining the jurisdictional objection.  When there are multiple claims,**

**identify and discuss separately the claim(s) on which the objection is based.**

**Each objection should be supported by authority.**

**5.    Parties to This Action:**

**(a) The following persons are necessary parties who have not been**

**joined:**

The parties do not believe there are any additional necessary parties who

have not been joined.

**(b) The following persons are improperly joined as parties:**

None.

**(c) The names of the following parties are either inaccurately stated or**

**necessary portions of their names are omitted:**

None.

**(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.     Amendments to the Pleadings:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15.  Further instructions regarding amendments are contained in LR 15.**

**(a) List separately any amendments to the pleadings which the parties anticipate will be necessary:**

The parties do not anticipate any additional amendments to the pleadings but reserve the right to supplement this response and to amend pleadings as permitted by the Federal Rules of Civil Procedure, the Local Rules of this Court, and any applicable law.

**(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary planning report is filed or should have been filed will not be accepted for filing, unless otherwise permitted by law.**

**7.     Filing Times For Motions:**

All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the preliminary planning report is filed or should have been filed, unless the filing party has obtained prior permission of the Court to file later.  Local Rule 7.1A(2).

(a) *Motions to Compel:*  before the close of discovery or within the extension period allowed in some instances.  Local Rules 37.1.

(b) *Summary Judgment Motions:*  within thirty (30) days after the close of discovery, unless otherwise permitted by Court order.  Local Rule 56.1.

(c) *Other Limited Motions:*  Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony:* <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed order is submitted. Refer to Local Rule 7.2F.

8.    **Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.**

The parties do not object to serving initial disclosures.

9.    **Request for Scheduling Conference:**

**Does either party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

Not at this time.

10.    **Discovery Period:**

**The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint.  As stated in LR 26.2, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this Court are assigned to one of the following three (3) discovery tracks:  (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in**

**Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

**<u>Plaintiff</u>:**

The allegations and defenses raised in the pleadings in this case; the Defendants' procedures to assure maximum possible accuracy of the information in Plaintiff's credit report; the reasonableness of any investigation performed by Defendants into Plaintiff's disputes; the manner and timeliness in which the Defendants deleted the inaccurate information from the Plaintiff's credit files upon being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy; how long the Defendants continued to report the inaccurate information despite having knowledge of its inaccuracy and/or inability to be verified; whether the Defendants' conduct was willful or negligent; the persons or entities to which Defendants supplied Plaintiff's credit reports; factors which may be used in determining whether Plaintiff is entitled to statutory damages and the amount thereof pursuant to FCRA, 15 U.S.C. § 1681n;  whether the Plaintiff is entitled to treble damages pursuant to the Georgia Fair Business Practices Act; and any factors which may be used in the determination of whether punitive  or exemplary damages should be awarded to Plaintiff and the amount thereof.

**Defendants:**

**Equifax:**

Plaintiff's alleged damages; the causal relationship (if any) between Plaintiff's alleged damages and any credit reports supplied by Defendant; all communications between Plaintiff and Equifax; all communications between Plaintiff and other parties or non-parties concerning the disputed information; all communications between Plaintiff and any creditors/furnishers of information concerning the disputed information; Plaintiff's applications for credit, if any; and discovery necessitated by discovery sought by Plaintiff.

**Experian:**

1.      Facts and circumstances surrounding each and every allegation in Plaintiff's Complaint;

2.      Facts and circumstances of the underlying disputed account, including Plaintiff's disputes with Experian and creditors;

3.      Plaintiff's alleged damages, including any third parties who have allegedly denied Plaintiff credit; and

4.      Any expert testimony identified by Plaintiff.

**SOS:**

Plaintiff's conduct in regard to any communications with SOS; all communications between Plaintiff and SOS; the facts and circumstances of the underlying disputed account; Plaintiff's alleged damages; the causal relationship (if any) between Plaintiff's alleged damages and actions allegedly taken by Defendant; any credit reports supplied by any Defendant; all communications between Plaintiff and other parties or non-parties concerning the disputed information; all communications between Plaintiff and any creditors/furnishers of information concerning the disputed information; Plaintiff's applications for credit, if any; and discovery necessitated by discovery sought by Plaintiff; the facts and circumstances surrounding each and every allegation in Plaintiff's Complaint; any other information relevant to Plaintiff's allegations in his Complaint; any expert and expert testimony identified by Plaintiff.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery, please state those reasons in detail below:**

The parties respectfully request that the normal discovery track be extended and that fact discovery will end on May 18, 2012, and expert discovery will end on

June 15, 2012, with Plaintiff's expert report under Federal Rule 26(a)(2)(B), if any, to be due on May 11, 2012, and Defendants' expert reports, if any, to be due on June 8, 2012. Although Defendant Experian responded to the Complaint on September 6, 2011, the other Defendants responded, pursuant to unopposed motions for extensions, more than 30 days later. As a result, discovery is currently set to end in early February 2012 despite the fact that most defendants did not respond until mid-October. The parties anticipate that an additional three months will be necessary to complete all fact discovery, especially given the existence of multiple defendants in this lawsuit and the likely need for third party discovery in this case, in which plaintiff's creditworthiness and the accuracy of creditor information will be central issues.

## 11.    Discovery Limitations

**What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.**

The parties agree that in the event privileged documents or communications are inadvertently produced, such will be returned to the producing party and will not be used in this litigation until the Court has made a determination as to the admissibility of such materials.  The parties agree that producing documents and

other communications inadvertently will not operate as a waiver of privilege.

The parties agree, with respect to any e-mails and electronic documents and data produced to each other in this case, that either electronic files or hard copies of such e-mails and electronic documents and data may be produced.

The parties do not anticipate the need for any further limitations on discovery other than those imposed under the Federal Rules of Civil Procedure and the Local Rules. The parties reserve the right to seek discovery beyond the limits set forth above by leave of court, for good cause shown.

**12.    Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16 (b) and (c)?**

The parties agree that a stipulated protective order should be entered by the Court to govern the use and disclosure of trade secret and other confidential research, development, and commercial information.  The parties will submit a draft stipulated protective order for entry by the Court.

**13.    Settlement Potential:**

**(a)  Lead counsel for Plaintiff and Defendant certify by their signatures below that they conducted a Rule 26(f) conference that was held on or about December 1, 2011 and that they participated in settlement discussions.**

**For Plaintiff:**     /s/  James M. Feagle
                       James M. Feagle

**For Defendants:**   /s/ Betsey L. Tate
                       Betsey L. Tate

                       /s/ James Williams
                       James Williams

                       /s/ Marc N. Garber
                       Marc N. Garber

**(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

**( X ) A possibility of settlement before discovery.**

**( X ) A possibility of settlement after discovery.**

**(__) A possibility of settlement, but a conference with the judge is needed.**

**(__) No possibility of settlement.**

**(c) Counsel ( X ) do or (____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.  The proposed date of the next settlement conference is to be determined.**

**(d) The following specific problems have created a hindrance to settlement of this case.**

None.

14.    **Trial by Magistrate Judge:**

**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

(a) The parties (_____) do consent to having this case tried before a magistrate judge of this Court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the Clerk of Court

(b) The parties (   X   ) do not consent to having this case tried before a magistrate judge of this Court.

Dated:  January  09  , 2012.

**SKAAR & FEAGLE, LLP**                    **KING & SPALDING, LLP**

/s/ James M. Feagle                           /s/ Betsy L. Tate
James M. Feagle                                Betsy L. Tate
Georgia Bar No. 256916                    Georgia Bar No. 401088
108 E. Ponce de Leon Ave./St. 204    1180 Peachtree Street, N.E.
Decatur, GA  30030                            Atlanta, GA 30309-3521
Tel: (404) 373-1970                            Tel: (404) 572-4600
Fax: (404) 601-1855                            Fax: (404) 572-5100
jimfeagle@aol.com                             btate@kslaw.com
Attorney for Plaintiff Kenneth           Attorney for Defendant Equifax
Mullins                                              Information Services, LLC

**JONES DAY**                                  **THE GARBER LAW FIRM, P.C.**

/s/ James Williams                            /s/ Marc N. Garber
James Williams                                 Marc N. Garber
Georgia Bar No. 812411                     Georgia Bar No. 283847

1420 Peachtree Street, NE
Suite 800
Atlanta, GA  30309-3053
Tel: (404) 521-3939
Fax: (404) 581-3939
jrwilliams@jonesday.com
Attorney for Defendant Experian
Information Solutions, Inc.

4994 Lower Roswell Road, NE
Suite 14
Marietta, GA 30068
Tel: (678) 560-5066
Fax: (678) 560-5067
mngarber@garberlaw.net
Attorney for Defendant Syndicated Office
Systems, Inc.